IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL MARAIST,

    Plaintiff,

v.                              CASE NO. 4:12cv266-RH/CAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER DISMISSING THE BAD-FAITH CLAIM

This case presents the question whether an insured may pursue a bad-faith claim against his underinsured-motorist insurer before resolution of the underlying claim for underinsured-motorist benefits. Under settled Florida law, the answer is no. This order grants the insurer's motion to dismiss the insured's bad-faith claim.

A victim who is injured in a motor-vehicle crash caused by another person's negligence ordinarily can recover the resulting damages. The person responsible for the damages in the first instance is the person whose negligence caused the crash—the tortfeasor. If the tortfeasor has liability insurance, the tortfeasor's insurer is responsible for the damages. If the tortfeasor is uninsured or

underinsured—that is, has insufficient liability coverage to pay the victim's damages—the victim may be able to recover from the victim's own insurer, under the insurer's uninsured- or underinsured-motorist coverage.

The plaintiff Paul Maraist alleges that he suffered damages of more than $200,000 in a vehicle crash caused by the negligence of a driver with $100,000 in liability coverage. Mr. Maraist had $100,000 in underinsured-motorist coverage through the defendant State Farm Mutual Automobile Insurance Company. The negligent driver's insurer paid Mr. Maraist its $100,000 limits. State Farm refused to pay Mr. Maraist its $100,000 in underinsured-motorist coverage. State Farm denies its liability for that amount.

By his complaint in this case, Mr. Maraist asserts two claims against State Farm. First, Mr. Maraist demands the $100,000 in underinsured-motorist coverage. Second, Mr. Maraist demands additional damages for State Farm's bad-faith failure to promptly evaluate and pay the claim. State Farm has moved to dismiss the bad-faith claim on the ground that it is premature.

Under Florida law, an insurer has a duty to promptly evaluate an insured's claim and to pay the claim if well founded. An insurer who acts in bad faith may be held liable to the insured not only for the amount due on the claim but also for damages caused by the insurer's bad faith. But when an insurer denies that it is liable on a claim under its policy, a bad-faith claim will not lie until it is first

determined that the insurer is in fact liable under the policy. *See*, *e.g.*, *Blanchard v. State Farm Mutual Automobile Insurance Co.*, 575 So.2d 1289 (Fla.1991).

Here there has been no determination that Mr. Maraist suffered damages in excess of the $100,000 he recovered from the tortfeasor's insurer and thus no determination that State Farm is liable to Mr. Maraist on the underinsured-motorist coverage. Until there has been such a determination, Mr. Maraist cannot pursue a bad-faith claim. *Blanchard* is controlling.

In arguing the contrary, Mr. Maraist makes three assertions that deserve mention. First, Mr. Maraist says his medical expenses standing alone exceed $100,000. Perhaps. But Mr. Maraist saying it does not make it so. In cases like this the insured always *says* the damages exceed the tortfeasor's coverage. *Blanchard* requires not an allegation but a determination.

Second, Mr. Maraist emphasizes the willingness of the tortfeasor's insurer to pay its $100,000 limits. But the tortfeasor's insurer's willingness to pay $100,000 does not mean that Mr. Maraist's damages *exceeded* that amount. And in any event, the tortfeasor's insurer's unilateral analysis of the claim does not bind State Farm.

Finally, Mr. Maraist cites *Vest v. Travelers Insurance Co.*, 753 So. 2d 1270 (Fla. 2000). There the plaintiff was injured in a vehicle crash, and the tortfeasor's insurer paid its liability limits. The plaintiff's underinsured-motorist carrier—

Travelers Insurance Co.—initially refused to pay more. To that point the case was like this one. But in *Vest*, unlike here, the plaintiff and tortfeasor entered a settlement establishing the full amount of the plaintiff's damages, and Travelers approved the settlement. The settlement determined the amount of the plaintiff's damages, thus determined Travelers' liability on its underinsured-motorist coverage, and thus allowed the plaintiff to assert a bad-faith claim against Travelers based on its initial failure to promptly evaluate and pay the amount due on the underinsured-motorist coverage. This was fully consistent with *Blanchard*.

*Vest* establishes that if indeed State Farm has failed to promptly evaluate and pay amounts due to Mr. Maraist on the underinsured-motorist coverage, then in due course—after State Farm's liability on the underinsured-motorist coverage has been determined—Mr. Maraist will be able to assert a bad-faith claim. *Vest* does not undermine the holding in *Blanchard* that the bad-faith claim cannot go forward until State Farm's underlying liability has been determined. On the contrary, *Vest* explicitly states that it "continue[s] to hold with *Blanchard* that bringing a cause of action [alleging bad faith] is premature until there is a determination of liability and extent of damages owed on the first party insurance contract." *Id.* at 1276.

For these reasons,

IT IS ORDERED:

Case 4:12-cv-00266-RH-CAS   Document 10   Filed 08/13/12   Page 5 of 5

Page 5 of 5

The motion to dismiss the bad-faith claim is GRANTED. The bad-faith claim is dismissed without prejudice to its assertion after a sufficient determination of the underlying claim. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on August 13, 2012.

s/Robert L. Hinkle<br>United States District Judge